UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARK A. COLYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01472-SEB-MJD |
| | ) | |
| MATT JERRETT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTIONS**

This matter is before the Court on three motions to compel filed by Plaintiff, [Dkt. 108; Dkt. 109; Dkt. 112], each of which is addressed, in turn, below.

**Motion to Compel City of Anderson [Dkt. 108]**

On April 29, 2022, Plaintiff filed a motion entitled Motion for Order Compelling Answers to Interrogatories and for Sanctions, [Dkt. 108], because he had not yet received responses to the interrogatories he served on Defendant the City of Anderson ("the City") on March 1, 2022. The City has filed a response to the motion, in which defense counsel explains that his failure to send the responses to Plaintiff was inadvertent and that, upon receiving Plaintiff's motion to compel, counsel realized and corrected the error. Accordingly, Plaintiff's motion to compel is **DENIED AS MOOT**.

Plaintiff also seeks an award of expenses pursuant to Federal Rule of Civil Procedure 37(a)(b)(A), because the City did not provide its responses until after Plaintiff filed his motion to compel. The City responds that such an award would be improper because Plaintiff failed to make a good faith attempt to obtain the responses without court action. If Plaintiff were not

incarcerated, a simple phone call would have resolved the issue of the missing responses, without the need for court involvement. Plaintiff is incarcerated, however, and the Court recognizes the extra level of complication that adds to the requirement of conferring in good faith. The Court also understands Plaintiff's frustration with the delay in obtaining his discovery responses. Rule 37(a)(b)(A) is mandatory, however, and states that the Court **must not** order payment of expenses if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action." Accordingly, the Court must **deny** Plaintiff's request for expenses.

## Motion to Compel Jarrett and Durr [Dkt. 109]

Also on April 29, 2022, Plaintiff filed a motion entitled Motion to Compel Complete Answers to Interrogatories Fully and Separately. [Dkt. 109.] This motion is directed to Defendants Nick Durr and Matt Jarrett. Neither Durr nor Jarrett has filed a response to the motion, and the time for doing so has expired.

Plaintiff first argues that Defendants' interrogatory responses were untimely; however, in a prior Order, the Court granted Defendants an extension of time to respond and deemed their responses timely. *See* [Dkt. 105 at 3].

Plaintiff also argues that Jarrett has failed to fully respond to Interrogatories Nos. 11, 13, 17, 18, 22, and 24. The Court has reviewed Jarrett's responses to these interrogatories and finds them to be sufficient, with one exception. Plaintiff's motion is **GRANTED** as to Interrogatory No. 17 to Jarrett, which reads: "Explain in detail how the plaintiff was bit in his left upper arm area by K9 'Harris' versus his lower body, legs, foot, buttock, ankle areas if the canine was given [sic] chase." [Dkt. 109-1 at 6.] Jarrett's response, "APD K9s are trained to attack anywhere but the head and groin areas," [Dkt. 109-1], does not fairly meet the substance of the interrogatory,

which relates to how, in this instance, Plaintiff was bitten on his arm, rather than in the lower part of his body. If Jarrett knows the sequence of events that led to Plaintiff being bitten on his arm, he should provide them; if he does not, he should explicitly say so. Plaintiff's motion with regard to Jarrett is **DENIED** in all other respects.

Finally, Plaintiff argues that Durr has failed to fully respond to Interrogatories Nos. 11, 12, 15, 18, 20, 22, 23,[1] and 25. The Court finds each of Durr's responses to be sufficient except for his response to Interrogatory No. 22, which reads: "Explain any and all radio, dispatch, communication performed between you and officers on scene at the time you encounterd [sic] the Plaintiff." [Dkt. 109-1 at 19.] Durr's response reads: "Yes. Plaintiff was advised that a Lieutenant was not on duty." [Dkt. 109-1 at 22.] As this is not responsive to the interrogatory, Plaintiff's motion is **GRANTED** as to Interrogatory No. 22 to Durr. Plaintiff's motion with regard to Durr is **DENIED** in all other respects.

## Motion to Compel Garrett [Dkt. 112]

On May 16, 2022, Plaintiff filed a motion entitled Motion to Compel Fully and Complete, Separate Responses to Plaintiffs [sic] Interrogatories. [Dkt. 112.] This motion is directed to Defendant Joe Garrett.

First, Plaintiff notes that Garrett failed to sign his interrogatory responses. Indeed, because the responses contain objections, Garrett's counsel must also sign them. *See* Fed. R. Civ. Pro. 33(b)(5). If Garrett and his counsel have not already corrected that error, they shall do so promptly.

---

[1] Interrogatory No. 23 reads: "Why did the Plaintiff ask you to call in a 'sergeant' and then asked for a 'lieutenant' after he was handcuffed?" Durr's objection that this interrogatory seeks "an answer which would speculate on plaintiff's motivation" is proper.

Plaintiff also asserts that Garrett failed to properly respond to Interrogatories Nos. 1, 5, 17 (vague and unclear), and 18. Plaintiff is correct that Garrett's responses to Interrogatory No. 1 is incomplete, and Plaintiff's motion is **GRANTED** as to that interrogatory. The motion is **DENIED** as to the remaining interrogatories. Garrett's objections to Interrogatories Nos. 17 and 18 are well taken, and, assuming Defendants have produced a copy of the department's General Order on Use of Force to Plaintiff, his answer to Interrogatory No. 5 also is appropriate. If that document has not been produced, then Garrett must either produce it or answer the question without reference to it.

## Conclusion

For the reasons set forth above, Plaintiff's Motion for Order Compelling Answers to Interrogatories and for Sanctions, [Dkt. 108], is **DENIED AS MOOT** and Plaintiff's request for an award of expenses in that motion is **DENIED**; Plaintiff's Motion to Compel Complete Answers to Interrogatories Fully and Separately, [Dkt. 109], is **GRANTED IN PART** and **DENIED IN PART**; and Plaintiff's Motion to Compel Fully and Complete, Separate Responses to Plaintiffs [sic] Interrogatories, [Dkt. 112], is **GRANTED IN PART** and **DENIED IN PART**. Defendants Jarrett, Durr, and Garrett shall provide complete and unequivocal responses to the interrogatories ordered above on or before **June 28, 2022**.

SO ORDERED.

Dated: 13 JUN 2022

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

Mark A. Colyer
281876
Pendleton - Correctional Industrial Facility
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, IN 46064